UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RACHEL IVY,

    Plaintiff,

    v.

OUTBACK STEAKHOUSE, INC., a Delaware corporation; OUTBACK STEAKHOUSE OF FLORIDA, INC., a Florida corporation; E-D JOINT VENTURE, a Washington joint venture; EVERGREEN STATE RESTAURANT CORPORATION, a Washington corporation; DREWRY ENTERPRISES, INC., a Washington corporation; EVERGREEN STATE LIMITED PARTNERSHIP NO. 5, a Washington limited partnership; and JOSH COLEY, an individual,

    Defendants.

CASE NO. C05-654-JCC

ORDER

This matter comes before the Court on the parties' Joint Submission pursuant to Local Civil Rule 37(a)(2)(B) regarding Plaintiff's discovery requests. (Dkt. No. 27.) The Court has reviewed the materials submitted by the parties and hereby finds and rules as follows.

**I.    INTRODUCTION**

This is an action primarily alleging sexual harassment of a co-worker in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, and the Washington Law Against Discrimination, WASH.

ORDER – 1

REV. CODE §§ 49.60.030, .180. Plaintiff contends that her harassment by one of Defendants' employees, Eric Torgesen, was a consequence of Defendants' failure to remedy a history of harassment of female employees at the Everett Outback Steakhouse ("Everett Outback"). (Joint Submission 2–3.) Defendants object to five of Plaintiff's discovery requests pursuant to Federal Rule of Civil Procedure 26. Three of the requests seek documents related to past harassment at Everett Outback, and the other two requests seek documents related to Defendants' actions in response to Plaintiff's harassment complaint. The parties have conferred in a good faith effort to resolve their dispute before making their Joint Submission, as required by Rule 37.

## II.     ANALYSIS

Plaintiff's Request for Production No. 10 seeks discovery of the personnel files of all Everett Outback managers and supervisors from 1997 to the present. Defendants argue that disclosure of the files would violate employee privacy, and that many of the files are irrelevant to the present action. Plaintiff's Requests for Production Nos. 12 and 13 seek documents pertaining to fact-finding and remedial actions taken by Outback in response to claims of sexual harassment by former employees Lynda Hirata and Melissa Volz. Defendants contend that this information is irrelevant to the present action. Finally, Plaintiff's Requests for Production Nos. 14 and 15 seek documents related to Everett Outback's fact-finding and remedial actions in response to Plaintiff's claim of sexual harassment. Defendants contend that they have fully responded to Requests for Production Nos. 14 and 15.

Under Federal Rule of Civil Procedure Rule 26(b)(1), information is discoverable if it is "relevant to the claim or defense of any party." Relevant information need not be admissible if it is "reasonably calculated to lead to the discovery of admissible evidence." In addition, "[f]or good cause, the court may order discovery of any mater relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1). While Rule 26 does not define the meaning of "relevant," the Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without

ORDER – 2

the evidence." FED. R. EVID. 401.  In order to reduce the element of surprise and facilitate settlement, courts liberally construe pretrial discovery.  *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 34 (1984).

### A. *Plaintiff's Request for Production No. 10*

Plaintiff's discovery request is as follows:

> Please produce a copy of employee files for all managers or supervisors at the Everett Outback facility from Jan. 1, 1997 to the present, including but not limited to Jody Ashley, Rick Rollins, Josh Coley, Michael Ketchum, Lynda Hirata, Joe Gonzales, Eric Torgesen, Eddie Shaw, Storm Mc Neil, Josh Hammer, Linus Travers, Brandon Quigley, and Joe Brown.

(Joint Submission 21.)  In support of her request, Plaintiff argues that the files may contain evidence of harassment of other female Everett Outback employees, complaints, investigations, and remedial actions—all of which are likely to lead to admissible evidence in her case.  (*Id.* at 22–23.)  In addition, Plaintiff asserts that these personnel files may reveal "a pattern of sexual harassers being transferred or promoted rather than being fired or disciplined" subsequent to the Hirata and Volz complaints.  (*Id.* at 16–17.)  Defendants contend that disclosure of the files would violate employee privacy rights.  In addition, Defendants claim that many of the files are irrelevant because the named individuals either worked solely at the Kirkland Outback restaurant or left employment at the Everett Outback before Plaintiff was hired.  (*Id.* at 24–25.)

While the Federal Rules of Civil Procedure do permit parties to be excused from certain discovery on the basis of "annoyance, embarrassment, oppression, or undue burden or expense," there is no generic "privacy" privilege.  FED. R. CIV. P. 26(c).  Moreover, in a Title VII action, the federal common law of privilege controls.  *Garrett v. City of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987).  Courts in the Ninth Circuit have held that personnel files are discoverable, despite claims of privilege.  *See Kerr v. United States District Court*, 511 F.2d 192, 197 (9th Cir. 1975) (denying writ of mandamus to vacate district court order granting discovery of personnel files), *affirmed* 426 U.S. 394 (1976); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995) ("Even if the requested documents in defendants' personnel files are protected by defendants' privacy right, that right may, nevertheless, be

ORDER – 3

invaded for litigation purposes"); *E.E.O.C. v. County of San Benito*, 818 F. Supp. 289, 291 (N.D. Cal. 1993) (ordering county to produce documents relevant to investigation of sex discrimination charges). Privacy concerns therefore do not prevent discovery of the requested personnel files in this case.

Plaintiff is entitled to portions of the personnel files of all former Everett Outback managers who made accusations of harassment, were accused of harassment, or received complaints of employee harassment, even if their employment terminated prior to Plaintiff's arrival at the restaurant.[1] Even though some of the individuals may have no direct link to Plaintiff, their files may provide relevant evidence of Defendants' response to other sexual harassment complaints. The files also may have informed the management team during Plaintiff's tenure of the general work environment that they inherited at the restaurant. Thus, to the extent that these personnel files contain documents relating to accusations of harassment, complaints of harassment, or information relevant to the alleged harassment climate at the restaurant as observed, described, or addressed by other employees or managers, those portions of the former managers' files are discoverable.

Furthermore, Plaintiff is entitled to the same type of information contained in the personnel files of the present mangers of the Everett Outback.[2] Defendants incorrectly assert that there have been no other harassment allegations at Everett Outback during the tenure of the current manager Josh Coley. (Joint Submission 24.) Coley's own Declaration discusses a sexual harassment complaint by another employee—Alison Christman. (Coluccio Decl. (Dkt. No. 30) Ex. 1 at 6–7.) In addition, Plaintiff alleges that "fellow hostesses and servers" were verbally harassed at the restaurant while she was employed

---

[1] This group includes at least Ashley, Ketchum, Mc Neil, Shaw, Hirata, and possibly Travers (*See* Coluccio Decl. Ex. 2). While Defendants dispute that Torgesen was a "manager or supervisor," Defendants have already provided Plaintiff with Torgesen's file. (*See* Joint Submission 5, 24.) These individuals, plus those included *infra* notes 2 and 3, account for all managers named in Plaintiff's Request No. 10. The personnel files of additional unnamed mangers are discoverable if they made accusations of harassment, were accused of harassment, or received complaints of harassment.

[2] This group includes at least Coley and Gonzales. (*See* Coluccio Decl. Ex. 1.)

ORDER – 4

there. (Born Decl. (Dkt. No. 31) Ex. F at 16.) Given these allegations, Plaintiff is entitled to discover whether the personnel files of Coley and other current managers contain evidence of harassment complaints and any response from management. Thus, to the extent that these personnel files contain documents relating to accusations of harassment, complaints of harassment, or information relevant to the alleged harassment climate at the restaurant as observed, described, or addressed by other employees or managers, those portions of the current managers' files are discoverable.

Because Plaintiff's request refers specifically to managers of the "Everett Outback," Defendants are not required to produce personnel files of employees who are now or who have been employed with Outback *solely* at the Kirkland restaurant, even if their names appear in Plaintiff's discovery request.[3]

### B. *Plaintiff's Requests for Production Nos. 12 and 13*

In these two requests, Plaintiff seeks communications related to Defendants' fact gathering and remedial efforts in response to the sexual harassment complaints of Hirata and Volz. Defendants originally objected on relevancy grounds, and also asserted work product privilege as to their fact gathering efforts. (Joint Submission 14.) Defendants now assert that "there are simply no documents responsive to Plaintiff's request for Production Nos. 12 and 13 that exist which have not been otherwise produced." (*Id.* at 21.) In addition to the information potentially contained in the personnel files discussed *supra*, and the communications listed in the Requests themselves, Plaintiff identifies a log of activities kept by Evergreen State Restaurant Corporation Operations Manager Marc Drewry, which she claims Defendants have yet to fully produce.

Defendants include several pages of the handwritten "Drewry log" in the Coluccio Declaration. These pages are an exhibit to Marc Drewry's deposition in the Hirata/Volz litigation. (Coluccio Decl.

---

[3] Defendants contend that employees Hammer, Travers, Quigley, Brown, and Rollins never worked at the Everett restaurant. (Joint Submission 24.) Discovery materials from Lynda Hirata, however, suggest that Linus "JR" Travers may have been employed at the Everett restaurant. (Coluccio Decl. Ex. 2 at 4, 6.) If Travers did work at Everett Outback, then Defendants must produce his file.

ORDER – 5

Ex. 6.) Plaintiff includes an excerpt of Drewry's deposition in which he reads from his log in the Born Declaration. (Born Decl. Ex. C.) The handwritten notes are difficult to read and it is unclear whether the Drewry log excerpt matches the deposition excerpt. The excerpts of Lynda Hirata's deposition and interrogatories, however, state that she had several conversations with Drewry regarding the sexual harassment and generally hostile work environment at Outback in the late 1990s and that he made notes in his log during at least one of the conversations. (Coluccio Decl. Ex. 2 at 5; Born Decl. Ex. A at 39–42.) The Drewry log is therefore relevant to Plaintiff's case and Plaintiff is entitled to view the entire log to determine whether it contains complaints of harassment and descriptions of remedial efforts by Defendants.

In addition, for these reasons, as well as those stated *supra* section II.A, Defendants must disclose all other reports, memos, letters, e-mails, or communications of any kind dealing with fact gathering and remedial action in response to the sexual harassment or sexual discrimination complaints of Lynda Hirata and/or Melissa Volz.

### C. *Plaintiff's Requests for Production Nos. 14 and 15*

Plaintiff seeks communications related to fact-finding and remedial action by Defendants in response to Plaintiff's allegations of harassment. Defendants originally objected that these two requests seek protected work product, but now argue that they have fully responded. Plaintiff does not identify any specific documents that Defendants have failed to produce. Nevertheless, because it is unlikely that Plaintiff can specifically identify documents she has not seen, Defendants must produce all reports, memos, letters, e-mails, or communications of any kind responsive to Plaintiff's Requests Nos. 14 and 15.

Plaintiff also asks the Court to declare that Defendants have waived any privilege that they formally asserted with respect to any of Plaintiff's discovery requests. Because the Court has not found any of the actual documents at issue in the Joint Submission to be privileged, Plaintiff's request is moot.

//

ORDER – 6

1  III.    CONCLUSION

2       For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART
3  Plaintiff's discovery motion, as follows:

4       (1) Defendants must produce the portions of personnel files sought by Plaintiff in her Request for
5  Production No. 10 that are described as discoverable *supra* section II.A.

6       (2) Pursuant to section II.B *supra*, Defendants must produce the entire "Drewry log" in response
7  to Plaintiff's Requests for Production Nos. 12 and 13 as well as any other reports, memos, letters, e-
8  mails, or communications of any kind dealing with fact gathering and remedial action in response to the
9  sexual harassment or sexual discrimination complaints of Lynda Hirata and/or Melissa Volz.

10      (3) Pursuant to section II.C *supra*, Defendants must produce all reports, memos, letters, e-mails,
11  or communications of any kind responsive to Plaintiff's Requests for Production Nos. 14 and 15.

12      (4) Defendants have not waived any claim of privilege as to future discovery requests and
13  Plaintiff's request for a declaration of waiver on this issue is MOOT.

15      SO ORDERED this 26th day of December, 2006.

                                    John C. Coughenour
                                    United States District Judge

26  ORDER – 7