UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RACHEL IVY,

    Plaintiff,

  v.

OUTBACK STEAKHOUSE, INC., et al.,

    Defendants.

CASE NO. C05-654-JCC

ORDER

This matter comes before the Court on the parties' CR 37 Joint Submission (Dkt. No. 39), Plaintiff's Motion to Compel and for Sanctions (Dkt. No. 45), Defendants' Opposition thereto (Dkt. Nos. 51 and 53), and Plaintiff's Reply (Dkt. No. 56). Having reviewed the materials submitted and found that oral argument is not necessary, the Court hereby rules as follows.

**I.   BACKGROUND**

This is an action alleging sexual harassment of a co-worker in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, and the Washington Law Against Discrimination, WASH. REV. CODE §§ 49.60.030, .180. Plaintiff contends that her harassment by one of Defendants' employees, Eric Torgesen, was a consequence of Defendants' failure to remedy a history of harassment of female employees at the Everett Outback Steakhouse ("Everett Outback"). (Joint Submission 2.) In the joint

ORDER – 1

submission and the motion to compel and for sanctions, Plaintiff asks the Court to (1) strike various defense objections to Plaintiff's requests for production, (2) order Defendants to produce the disputed discovery documents, (3) strike the affirmative defense of prompt investigation and remedial action, (4) strike Defendants' requests for admission regarding employer identity and business entity relationships, (5) extend discovery deadline by thirty days for Plaintiff only, and (6) order Defendants to pay sanctions for discovery abuses in the amount of $7,409.00. (Joint Submission 2; Pl.'s Mot.)

## II. ANALYSIS

### A. Disputed Discovery Requests

Under Federal Rule of Civil Procedure 26(b)(1), information is discoverable if it is "relevant to the claim or defense of any party." Relevant information need not be admissible if it is "reasonably calculated to lead to the discovery of admissible evidence." In addition, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in this action." FED. R. CIV. P. 26(b)(1). While Rule 26 does not define the meaning of "relevant," the Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probably than it would be without the evidence." FED. R. EVID. 401. In order to reduce the element of surprise and facilitate settlement, courts liberally construe pretrial discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984).

#### 1. Insurance Coverage

Federal Rule of Civil Procedure 26(a)(1)(D) requires parties to provide "any insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment" as part of their initial disclosures. Defendants failed to provide this information as part of their initial disclosures, and over a year later have still failed to completely disclose their insurance policies. (Pl.'s Mot.) Such delay in producing information clearly required by the Federal Rules is unacceptable. The Court ORDERS Defendants to produce complete insurance information within ten

ORDER – 2

days of the date of this Order and SANCTIONS Defendants as described in section II.F *infra*.

### 2. Operations Manual

The restaurant operations manual, even if not utilized at the restaurant, is relevant and discoverable. The franchise agreement explicitly refers to an operations manual, which suggests its existence. (Pl.'s Mot., Ex. C at 6) Defendants must promptly conduct a diligent search for this manual or a functional equivalent and produce it if it exists. The Court reminds Defendants that it can and will impose sanctions if Defendants do not produce the manual and it is later found to exist, regardless of whether it is actually labeled as "operations manual." Defendants are ORDERED to produce the operations manual or its functional equivalent if it exists, within ten days of the date of this Order.

### 3. Outback Experience Survey Forms

The Outback Experience Survey Forms from 1997 to 1999 are relevant and discoverable. Defendants argue that these forms were potentially available as exhibits in a separate lawsuit. (Defs.' Opp'n (Dkt. No. 51) 9.) If that is true, it is unclear why Defendants are resisting their production. Regardless, it is Defendants' responsibility to produce these documents as part of this lawsuit. The Court ORDERS Defendants to produce the Outback Experience Survey forms within ten days of the date of this Order.

### 4. Profit and Loss Statements for Certain Defendants

Profit and loss statements for all Defendants are discoverable. Plaintiff has requested this information, and Defendants are now responsible for producing it for all Defendant entities because all Defendants are potentially liable in this lawsuit. The Court ORDERS Defendants to produce profit and loss statements for all Defendants within ten days of the date of this Order.

### 5. Ownership Interests

As with the profit and loss statements, the ownership interests of Defendants are discoverable. Plaintiff has requested this information, and Defendants are now responsible for producing it. The Court ORDERS Defendants to produce information regarding the ownership interests of the Defendants within

ORDER – 3

ten days of the date of this Order.

### 6. Marc Drewry Journal

This Court has previously ordered Defendants to produce Marc Drewry's journal. (December 26, 2006 Order (Dkt. No. 34) 6.) Drewry testified that he turned over part of his journal to Defendants' counsel and Plaintiff requested a copy of that portion of the journal. (*Id.*) Despite this Court's order, Defendants have refused to produce it and state that Plaintiff has access to that journal as part of the exhibits to a previous trial. (Defs.' Opp'n (Dkt. No. 51) 10.) However, the exhibit to which Defendants refer consisted of redacted copies of only three pages of the journal. (Pl.'s Reply 3.) Defendants have failed to comply with this Court's order to turn over a copy of the unredacted journal. The Court AGAIN ORDERS Defendants to produce this journal within ten days of the date of this Order and SANCTIONS Defendants as described in section II.F *infra*.

### 7. EEOC Files for Hirata and Volz Complaints

This Court has previously ordered Defendants to produce all reports, memos, letters, e-mails, or communications of any kind dealing with fact gathering and remedial action (*i.e.*, not litigation) in response to the sexual harassment or sexual discrimination complaints of Lynda Hirata and Melissa Volz. (December 26, 2006 Order 6.) It is unlikely that many of the EEOC files have to do with fact gathering and remedial action in response to the Hirata and Volz complaints; however it is equally unlikely that Defendants' files regarding the Hirata and Volz cases are wholly unrelated to fact gathering and remedial action. The Court ORDERS Defendants to produce any parts of these files that have to do with fact gathering and remedial action in response to the Hirata and Volz complaints, within ten days of the date of this Order. Defendants are not required to turn over parts of the EEOC files that do not have to do with fact gathering and remedial action.

### 8. Lynda Hirata's Notes

Plaintiff requests copies of Lynda Hirata's notes taken after a discussion with Marc Drewry. (Pl.'s Mot.) These notes are related to the investigation of Hirata's sexual harassment complaint, and as

ORDER – 4

such, they are subject to this Court's previous discovery Order regarding investigation material. The Court ORDERS Defendants to turn over any notes from Lynda Hirata regarding her meeting with Marc Drewry within ten days of the date of this Order.

### 9.     Documents and Communications Related to the Hirata/Volz Investigations

This Court previously ordered Defendants to produce all documents and communications related to fact-finding and remedial action surrounding the sexual harassment claims of Lynda Hirata and Melissa Volz. (December 26, 2006 Order 6.) Only a few training documents were produced, and Defendants now state that they have produced all such documents. (Defs.' Opp'n (Dkt. No. 51) 11.) Defendants essentially are asserting that the only documentation of the investigation and remedial action in response to the Hirata and Volz sexual harassment complaints is a short training document. This seems unlikely, and Defendants are reminded of their responsibilities to fully comply with the discovery process.

In employment discrimination cases where the defendant asserts a defense of prompt investigation, courts have held that those defendants have waived attorney-client privilege with regards to the investigation. *See*, *e.g.*, *Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084 (D. N.J. 1996). Because Plaintiff is only requesting documents related to the investigation, Defendants have waived attorney-client privilege with regards to these documents. *Id.* If Defendants believe that these documents are protected by attorney-client privilege or the work-product doctrine, they must provide a log of the affected documents. FED. R. CIV. P. 26(b)(5).

Defendants correctly distinguish between documents related to the investigation and documents related to the litigation. (Joint Submission 19.) However, Defendants are cautioned to focus on the substance of the documents, and not solely the chronology of their creation. Defendants rely on *Walker v. County of Contra Costa*, 227 F.R.D. 529 (N.D. Cal. 2005), for the proposition that pre-litigation investigation material is discoverable but documents generated after litigation has been initiated are not. (Joint Submission 20.) However, that case actually distinguishes between documents related to pre-litigation investigation and a lawyer's intra-litigation analysis of that investigation. *Walker*, 227 F.R.D. at

ORDER – 5

535.  Furthermore, the court in *Walker* specifically outlined the requirement that these distinctions must be made by the court on a document-by-document basis.  *Id.* at 533.  Therefore, any document related to fact gathering or remedial action may be discoverable, and if Defendants want to assert attorney-client privilege or the work-product doctrine for documents related to fact gathering or remedial action, they will need to produce a log of the documents that they allege to be protected.  FED. R. CIV. P. 26(b)(5).

The Court AGAIN ORDERS Defendants to produce any documents related to the investigation of the Hirata and Volz complaints, within ten days of the date of this Order.  The Court reminds Defendants that the Court may sanction them if it is later found that they failed to produce discoverable documents.

### 10.  Documents Related to Previous Employer Investigations

Plaintiff has requested all communications regarding investigation or remedial action in response to any complaints of sexual harassment at the Everett Outback from Jan. 1, 1997 to the present.  (Joint Submission 22.)  Defendants assert that they have produced all such documents.  (*Id.* at 23.)  This issue is identical to the one discussed *supra* subsection II.A.9.  The Court ORDERS Defendants to produce any reports, memos, letters, e-mails, or communication of any kind related to the investigation of any complaints of sexual harassment at the Everett Outback facility from Jan. 1, 1997 to present, within ten days of the date of this Order and the Court reminds them that the Court may sanction them if it is later found that they failed to produce relevant documents.

### 11.  Previous Attorney Investigation and Billing Statements

Plaintiff has requested all communications received from or sent to attorney Bryan Coluccio relating to investigation, fact gathering, or remedial action in response to the Hirata and Volz complaints.  (Joint Submission 23.)  Defendants assert that this is outside of the scope of permissible discovery.  *Id.* at 24. Defendants are incorrect.  As this court has previously held and as explained *supra* subsections II.A.9 and .10, documents related to the investigation of the Hirata and Volz complaints are discoverable.  (December 26, 2006 Order 6.)  If Defendants would like to assert attorney-client privilege or the work-

ORDER – 6

product doctrine for documents related to fact gathering or remedial action, they will need to provide a log of the documents that they allege to be protected. FED. R. CIV. P. 26(b)(5). Documents unrelated to the investigation do not need to be listed in the log. The Court ORDERS Defendants to produce all of the communication and attorney billing records related to investigation, fact-finding, and remedial action related to the Volz and Hirata complaints, or to provide a log of documents that they assert to be protected under attorney client-privilege or the work-product doctrine within ten days of the date of this Order.

### 12. Aussie Poster and Addresses of Employees from EEOC Complaint

Plaintiff's Proposed Order (Dkt. No. 45) includes a request to compel production of two documents that were not properly briefed in Plaintiff's motion: (1) "a complete copy of the Aussie poster showing the appointment of Eric Torgesen as service tech to accept complaints of sexual harassment and the Aussie poster naming Bryan Coluccio as a person to call in the event of a complaint of sexual harassment"; and (2) "the last known addresses and phone numbers of all potential witnesses whose information was provided to the EEOC re Ms. Ivy's complaint, but which was redacted by Defendants." However, the record is sufficient to rule on these issues.

Defendants have agreed to provide the last known addresses and phone number of all potential witnesses identified in the EEOC materials. (Errata to Decl. of Bryan P. Coluccio in Support of Defs.' Opp'n, Ex. 5 (Dkt. No. 54) at 3.) The Court ORDERS Defendants to produce to Plaintiff any updates to the initial information provided.

Defendants state that the Aussie poster only includes contact information for the current "service tech." Therefore, it is unlikely that the Aussie poster with Eric Torgesen's name listed as the service tech is still in existence. However, if it does exist, Defendants must produce it. The Court ORDERS Defendants to produce any Aussie Poster with Eric Torgesen's or Bryan Coluccio's name listed anywhere on it.

//

ORDER – 7

**B.     Discovery Extension**

Plaintiff requests a thirty-day discovery extension due to Defendants' delays in producing discovery. Defendants did not specifically oppose this request. The thirty-day extension is GRANTED, but limited to individuals who have already been deposed, and to a discussion of documents produced (1) less than twenty-four hours prior to the time when these individuals were initially deposed or (2) after they were deposed.

**C.     Request to Strike Defendants' Objections**

Plaintiff requests that the Court strike Defendants' objections to various requests for production. Both Plaintiff's request and Defendants' objections are MOOT in light of this Order. Accordingly, there is no need to strike them.

**D.     Request to Strike Defendants' Requests for Admission**

Defendants have requested that Plaintiff admit various facts about the business operations of the restaurant. Courts have generally allowed these requests, even if the information was not initially within the knowledge of the answering party. *See*, *e.g.*, *Diederich v. Department of Army*, 132 F.R.D. 614, 616–17 (S.D.N.Y. 1990). However, here Plaintiff is unable to admit these facts because Defendants have refused to produce that very information as part of the discovery process. The Court ORDERS Plaintiff to answer these requests for admission within ten days of Defendants' production of the relevant business operation and ownership interest information in compliance with subsection II.A.5 *supra*.

**E.     Request to Strike Defendants' Affirmative Defense**

Plaintiff requests that the Court sanction Defendants by striking their affirmative defense of prompt investigation and remedial action. The Court declines to do so at this time.

**F.     Sanctions**

Defendants have been inordinately late in providing insurance information that they were obligated to provide with their initial disclosures over a year ago. In addition, Defendants have not complied with this Court's previous Order requiring production of the Marc Drewry journal. Further,

ORDER – 8

Defendants have repeatedly failed to comply with Rule 26(b)(5), which requires parties to produce a log of documents they believe to be privileged, resulting in Plaintiff having to file a motion to compel on a number of unnecessary issues. The Court finds sanctions to be appropriate under these circumstances. The Court ORDERS Defendants to pay Plaintiff $2,707.50 for the value of time spent attempting to obtain this discovery and $4,701.50 for bringing the motion to compel and for sanctions, within ten days of the date of this Order.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion to compel discovery and GRANTS IN PART and DENIES IN PART Plaintiff's joint submission requests, as described above.

SO ORDERED this 5th day of June, 2007.

John C. Coughenour
United States District Judge

ORDER – 9