UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RACHEL IVY,<br><br>              Plaintiff,<br><br>   v.<br><br>OUTBACK STEAKHOUSE, INC., et al.,<br><br>              Defendants. | CASE NO. C05-654-JCC<br><br>ORDER |

      This matter comes before the Court on Defendants' motion (Dkt. No. 68) for "clarification" of the substance of and reconsideration of the sanctions awarded to Plaintiff by this Court's June 5, 2007 Order (Dkt. No. 64).

      Motions for reconsideration are governed by Local Civil Rule 7(h), which provides in pertinent part that "[m]otions for reconsideration are disfavored" and that the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. CR 7(h)(1). Defendants allege neither new facts or legal authority nor any "manifest error." Instead, Defendants attempt to rehash issues already considered in detail by this Court. (*See* December 26, 2006 Order (Dkt. No. 34); June 5, 2007 Order (Dkt. No. 64).) Specifically,

ORDER – 1

the Court refers Defendants to the following holdings of this Court: (1) that "Plaintiff is entitled to view the *entire* [Drewry] log to determine whether it contains complaints of harassment and descriptions of remedial efforts by Defendants," (December 26, 2006 Order 6 (emphasis added)); (2) that "reports, memos, letters, e-mails, or communications of any kind dealing with fact gathering and remedial action in response to the sexual harassment or sexual discrimination complaints of Lynda Hirata and/or Melissa Volz" are discoverable (*id.*); (3) that the EEOC files for the Hirata and Volz complaints are discoverable to the extent that they contain information related to fact gathering and remedial action, as are certain notes of Lynda Hirata (June 5, 2007 Order 4–5); and (4) that documents and communications related to fact gathering and remedial action, but not litigation, for both the Hirata/Volz complaints and the period relevant to the Ivy complaint, are discoverable, and if Defendants claim overlap between investigation and litigation, a privilege log must be produced (*id.* at 5–7). The Court finds absolutely no need to "clarify" these eminently straightforward rulings. Furthermore, the Court is alarmed by Defendants' reluctance to follow clear court orders and the frequency with which this Court has been called upon to revisit the same discovery issues.

      As for sanctions, Defendants' instant motion merely underscores the propriety of the sanctions that the Court imposed on June 5. As noted *supra*, it was *six months ago* that the Court ordered the entire unredacted Marc Drewry notebook produced. Defendants' instant contention that they "in good faith" thought they had complied with this order—in the very same document that suggests that Mr. Drewry "found" the journal in his basement only last month (presumably after Defendants had represented to the Court on May 14, 2007 that "[i]t was confirmed long ago that the only 'journal' entries of Marc Drewry are copies of Mr. Drewry's notes that were produced in discovery in the *Hirata* Lawsuit, and which were made exhibits to Mr. Drewry's deposition in that case" (Defs.' Opp'n to Pl.'s Mot. To Compel and for Sanctions (Dkt. No. 51)))—is disingenuous. The copies were produced from some original source long before last month, and Defendants (or Drewry) clearly had originals from which material was redacted before producing the documents to Plaintiff. Finally, the Court is mystified

ORDER – 2

1  by Defendants' arguments that they did not have to produce a privilege log because the Court did not
2  specifically order one and that Plaintiff had Defendants' insurance information before filing her May 3
3  discovery motion.  The Federal Rules of Civil Procedure require privilege logs when otherwise
4  discoverable information is withheld on the basis of privilege or work product protection.  FED. R. CIV. P.
5  26(b)(5).  Similarly, the Federal Rules require *initial disclosures* to include insurance information.  *Id.* R.
6  26(a)(1)(D).  Defendants are sorely mistaken in suggesting that they do not have to follow the Federal
7  Rules unless the Court repeatedly tells them so.
8        For the foregoing reasons, the Court finds that Defendants have failed to make the showing
9  required by Rule 7(h).  Accordingly, their motion is DENIED in its entirety.
10       SO ORDERED this 22nd day of June, 2007.

                                                    John C. Coughenour
                                                    United States District Judge

26 ORDER – 3