1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RACHEL IVY,

            Plaintiff,

    v.

OUTBACK STEAKHOUSE, INC., et al.,

            Defendants.

CASE NO. C05-654-JCC

ORDER

      This matter comes before the Court on the Plaintiff's Motion to Deem Admissions as Admitted (Dkt. No. 60), Defendants' Opposition thereto (Dkt. No. 65), and Plaintiff's Reply (Dkt. No. 70). Having reviewed the materials submitted and found that oral argument is not necessary, the Court hereby finds and rules as follows.

**I.    BACKGROUND**

      This is an action alleging sexual harassment of a co-worker in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, and the Washington Law Against Discrimination, WASH. REV. CODE §§ 49.60.030, .180. Plaintiff contends that her harassment by one of Defendants' employees, Eric Torgesen, was a consequence of Defendants' failure to remedy a history of harassment of female employees at the Everett Outback Steakhouse ("Everett Outback"). Plaintiff asks the Court to deem as

ORDER – 1

1  admitted answers to requests for admissions directed to Defendants.  (Pl.'s Mot. 1.)

2  **II.     ANALYSIS**

3          Plaintiff submitted 148 requests for admissions to Defendants, asking Defendants to admit that

4  direct quotes from the transcript of the trial and deposition testimony from the *Hirata* lawsuit were

5  accurate accounts of what was said.  For each request, Defendants only admitted that "the above

6  statement found between 'quotation marks' are the actual words found in [the attached exhibit]."  Except

7  for those admissions, Defendants denied the requests in their entireties.  Defendants raise six objections to

8  the requests for admissions.

9          **A.     Objection Alleging Disguised Interrogatories**

10         Defendants argue that the requests for admission are actually disguised interrogatories because

11 Plaintiff requested that Defendants explain any denials.  While Defendants are not required to explain any

12 denials, Plaintiff's request does not transform a request for admission into an interrogatory.  Defendants

13 are not required to explain any denials, but they are required to fully answer the requests for admission.

14 This objection is overruled.

15         **B.     Objection to Paraphrasing of Transcript Question**

16         Defendants argue that Plaintiff has mischaracterized all of the questions that prompted the quoted

17 responses from the witnesses; however, Defendants offer no evidence or examples to support this

18 assertion.  Upon further examination, Defendants' assertion is unsupported by the transcripts.  The first

19 request for admission paraphrases the question "what degrading sexual remarks to females including you

20 were made by Eric Torgesen?" (Pl.'s Mot. Ex. 1) as "when asked what degrading sexual remarks Mr.

21 Torgesen made to females, she answered . . ." (Pl.'s Mot. Born Decl. Ex. 1).  Defendants are being

22 disingenuous. Defendants' blanket objection to all 148 paraphrased questions as mischaracterizations is

23 inappropriate and unreasonable given how closely Plaintiff's paraphrases match the transcript questions.

24 This objection is overruled.

25 //

26 ORDER – 2

**C.      Objection to Requests Allegedly Outside the Scope of Discovery**

Defendants argue that certain requests for admission are outside the scope of discovery because they are not relevant to Plaintiff's claim.  This Court has previously ruled that the scope of discovery in this case includes evidence related to previous instances of sexual harassment at the restaurant.  Again, the Court rules that evidence from past sexual harassment cases at the restaurant is discoverable.  This objection is overruled.

**D.      Objection to Requests Improperly Formatted**

Defendants argue that the requests for admission violate discovery rules because they were not individually signed.  Plaintiff notes that Defendants' requests suffer from a similar deficiency.  Regardless, this minor issue does not affect each party's duty to respond fully to the requests.  This objection is overruled.

**E.      Objection to Requests as Having an Improper Purpose**

Defendants argue that the requests are interposed for improper purposes, including the harassment of Defendants and needlessly increasing the cost of this litigation.  Defendants do not provide any evidence to support this assertion.  Plaintiff's requests were quite simple, and it is actually Defendants' unreasonable objections that are needlessly increasing the cost of this litigation.  This objection is overruled.

**F.      Objection to Requests as Unreasonable and Unduly Burdensome**

Defendants argue that the requests are unreasonable and unduly burdensome.  They do not provide any evidence to support this assertion.  In fact, the requests are quite simple and not difficult to answer, especially given the requests' pinpoint citations to the transcripts.  This objection is overruled.

**III.    CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion to deem their requests for admissions as admitted.  The Court further notes that Defendants have not waived their right to challenge the admissibility of these statements into evidence or their truthfulness.  Accordingly, while the

ORDER – 3

1   authenticity and accuracy of the statements as reflected in the transcripts is hereby established for trial,

2   the Court reserves any ruling as to the admissibility of each excerpt until such a determination is required

3   at trial.

4          SO ORDERED this 22nd day of June, 2007.

5

6                                          John C. Coughenour
                                           United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER – 4